**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Catherine Testolin,<br>Plaintiff,<br>v.<br><br>Bank of America, N.A.; and Experian Information Solutions, Inc.,<br><br>Defendants. | Case No.: 2:26-cv-1895<br><br>**Complaint for Damages:**<br><br>**Violation of Fair Credit Reporting Act** |

Plaintiff, Catherine Testolin, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is an individual residing in Milwaukee County, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Bank of America, N.A. ("Bank of America") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Wisconsin.

5. At all times pertinent hereto, Defendant Bank of America is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation existing under the laws of Wisconsin and at all times relevant hereto was regularly doing business in the State of Wisconsin.

7. Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

8. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

12. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Bank of America and Experian (collectively, "Defendants") and has suffered particularized and concrete harm.

14. Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. After reviewing Plaintiff's consumer credit reports Plaintiff discovered their Bank of America account ending 9700 (the "Account") being reported in error.

18. The Account adversely and erroneous reports with a $55,875 balance written off and with charge-off marks in February 2023, April 2026, and May 2026.

19. The Account was never late and the balance was paid in full March 2023.

20. Because Bank of America reports the Account with a balance written off and with charge-offs on Plaintiff's consumer report, Plaintiff's outstanding debt and number of adverse and delinquent accounts is overstated.

21. The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to third parties who ask to review the credit history of the Plaintiff.

22. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

23. On or about June 10, 2026, the Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

24. On or about June 10, 2026, the Plaintiff sent a written dispute to Equifax disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

25. Despite the clarity and detail provided in the Experian Dispute the Account continues to appear on Plaintiff's Experian consumer report with a balance past due and

derogatory status.

26. Equifax and TransUnion do not report the Account adversely.

27. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant Bank of America.

28. Upon information and belief, Bank of America received notification of Plaintiff's Experian Dispute from Experian.

29. Bank of America did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Bank of America Account.

30. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31. Upon information and belief, Bank of America failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report.

32. Bank of America verified erroneous information and added adverse charge-off marks in February 2023, April 2026, and May 2026 causing more damage to the Plaintiff's creditworthiness.

33. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Experian Dispute.

34. At no point after receiving the Experian Dispute did Bank of America or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

35. Experian relied on their own judgment and the information provided to them by Bank of America rather than grant credence to the information provided by Plaintiff.

36. Experian published the false information regarding the Account to third parties.

37. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

38. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with these accounts to prevent further harm, including one or more of the following: postage and certified-mail charges for mailing disputes, the cost of obtaining copies of credit reports and credit monitoring services, telephone and photocopying expenses, and mileage or travel undertaken to address the inaccurate reporting.

39. As a further result of the inaccurate reporting, Plaintiff has suffered emotional distress, including anxiety, worry, frustration, embarrassment, and humiliation, which has manifested physically in one or more of the following ways: loss of sleep, headaches, fatigue, upset stomach or other gastrointestinal distress, loss of or change in appetite, muscle tension, and nervousness.

## COUNT I – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

40. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

41. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

42. Defendants Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Experian published and maintained concerning Plaintiff.

43. As a result of this conduct, action and inaction of Defendant Experian Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

44. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendant Experian were negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

48. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

49. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

50. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Experian's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Experian were negligent, entitling Plaintiff to

recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## Count III – Bank of America

## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

54. Plaintiff re-alleges and reaffirms the above paragraphs 1-39 as though fully set forth herein.

55. After receiving the Disputes, Bank of America failed to correct the false information regarding the Bank of America Account reporting on Plaintiff's consumer reports.

56. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Bank of America's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Bank of America's representations to consumer credit reporting agencies, among other unlawful conduct.

57. As a result of this conduct, action, and inaction of Defendant Bank of America, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant Bank of America's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant Bank of America was negligent, entitling

Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Bank of America pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted October 12, 2026.

*/s/ Joseph Panvini*
Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258

Telephone: (602) 456-8900
Fax: (602) 218-4447
Joe.Panvini@mccarthylawyer.com
Attorney for Plaintiff